```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
                                                    │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT                        │ DOC #: _____    │
SOUTHERN DISTRICT OF NEW YORK                       │ DATE FILED: __2/21/2017__   │
                                                    └─────────────────────────────┘
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CANON U.S.A., INC., et al,                          :
                                                    :
                              *Plaintiffs*,          :
                                                    :          15 Civ. 1804  (PAC)
              *- against -*                          :
                                                    :          **OPINION & ORDER**
DIVINIUM TECHNOLOGIES, INC., et al.,                :
                                                    :
                              *Defendants*.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Canon U.S.A., Inc. ("Canon USA") and Canon Financial Services, Inc. allege that Jay J. Freireich, and his law firm, Brach Eichler LLC ("Brach Eichler," and together with Freireich, the "Attorney Defendants"), aided and abetted a fraud perpetrated by their former clients. Plaintiffs now move for leave to amend their complaint to add a claim against the Attorney Defendants for violation of New York Judiciary Law § 487. The Court grants the motion.

## BACKGROUND

The Court summarizes here the relevant factual allegations from Plaintiffs' Proposed Amended Complaint, which the Court accepts as true for purposes of this motion for leave to amend. *See Henneberry v. Sumitomo Corp. of America*, 415 F. Supp. 2d 423, 432–33 (S.D.N.Y. 2006). Defendants Divinium Technologies (formerly known as EZ Docs, Inc. ("EZ Docs")), Anthony Grimaldi, Steven Hernandez, Catherine Mattiucci, and Leonard Harac (together, the "EZ Docs Defendants") defrauded Canon USA to obtain an authorized Canon business equipment dealership. Proposed Am. Compl. (Dkt. 89-1) ¶¶ 1–2. The scheme arose in 2008, after Canon USA refused authorization for Empire Technology ("Empire") to acquire an

authorized Canon retail dealership. *Id.* ¶¶ 45–47. Grimaldi and Hernandez were Empire's principals, and Canon USA rejected Empire's attempted acquisition due, in part, to Grimaldi and Hernandez's prior arrests in connection with a fraud scheme involving business equipment leases. *Id.* ¶ 46.

Grimaldi, Hernandez, and Harac realized that to obtain a dealership, they had to conceal Grimaldi and Hernandez's involvement. *Id.* ¶ 48. They agreed with Grimaldi's sister, Mattiucci, to create a new corporation, EZ Docs, to pursue acquisition of the dealership. *See id.* ¶ 49. EZ Docs was set up to have Mattiucci as President and nominal shareholder. *Id.* But in reality, Grimaldi and Hernandez were to split ownership and primarily perform the actual management of EZ Docs, with Harac's and Mattiucci's assistance and participation. *See id.* Grimaldi, Hernandez, and Mattiucci then retained Freireich to help provide legal services with respect to EZ Docs. *Id.* ¶ 53. At the time, Freireich worked for non-party Poe & Freireich, but moved to Brach Eichler in March 2010. *Id.* ¶¶ 53, 63. Canon USA approved EZ Docs' acquisition of the dealership in November 2008, as well as another dealership in February 2010. *Id.* ¶¶ 52, 63.

After acquiring the dealerships, the EZ Docs Defendants engaged in a series of improper and illegal activity. *See generally id.* § IV.F. Because of her status as owner and principal of EZ Docs, Mattiucci grew concerned about her potential personal liability in connection with this activity. *See id.* ¶ 161. Consequently, Mattiucci, Grimaldi, and Hernandez asked Freireich to draft a "Nominee Declaration." *Id.* Freireich addressed this request in a June 2011 letter to Mattiucci, Grimaldi, and Hernandez, wherein Freireich described Grimaldi and Hernandez as the "de facto shareholders, officers and directors" of EZ Docs. *Id.* Thereafter, Freireich prepared the Nominee Declaration, dated October 5, 2011 and executed by Mattiucci, Grimaldi, and Hernandez. *Id.* The Nominee Declaration provided, among other things, that at the time EZ

2

Docs was formed, it was intended that Grimaldi and Hernandez would hold 100% of EZ Docs' stock, and that Mattiucci was holding the shares of EZ Docs "for the benefit of and as nominee for" Grimaldi and Hernandez. *Id.* It also provided that Mattiucci, Grimaldi, and Hernandez understood "that Canon was and is unwilling to permit [Grimaldi and Hernandez] to have an ownership interest in a Canon licensed dealership." *Id.*

By the fall of 2011, Canon USA began considering terminating EZ Docs' dealership due, among other things, to learning of Grimaldi and Hernandez's involvement with EZ Docs. *See id.* ¶ 160. On October 25, 2011, Canon USA notified EZ Docs that EZ Docs' authorized Canon retail dealer agreement was terminated, effective immediately. *Id.* ¶ 162.

On November 1, 2011, EZ Docs, represented by Freireich and Brach Eichler, sued Canon USA in New York State Supreme Court to seek reinstatement of the dealership (the "Termination Lawsuit"). *Id.* ¶ 163. Freireich and Brach Eichler also filed an application for a temporary restraining order ("TRO"), together with an affidavit from Mattiucci that contained such statements as "[n]o other person has ever held any equity interest in [EZ Docs]." *Id.* ¶¶ 164–165. On November 4, 2011, Justice Melvin L. Schweitzer of the Supreme Court of the State New York denied the TRO application. *Id.* ¶ 166.

In the original complaint, Plaintiffs sued the Attorney Defendants for aiding and abetting the EZ Docs Defendants' fraud. Compl. (Dkt. 1) Counts VII, IX. They now seek to add a claim against the Attorney Defendants for violation of New York Judiciary Law § 487 in connection with allegedly false statements made in submissions to the New York Supreme Court in the Termination Lawsuit. Proposed Am. Compl. Count XVI.

3

## DISCUSSION

### I. Legal Standards

A party may amend its pleadings at any time with the court's leave, which the court should freely give when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Generally, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

### II. Application

The Attorney Defendants contend that Plaintiffs' proposed amendment would be futile. However, they concede—and the Court agrees—that there is no bad faith or undue delay on the part of Plaintiffs, or undue prejudice to the Attorney Defendants. *See* Opp'n (Dkt. 93) at 13.

#### A. Amendment Would Not Be Futile

New York Judiciary Law § 487 provides that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . is guilty of a misdemeanor, and . . . forfeits to the party injured treble damages, to be recovered in a civil action." A § 487 plaintiff "may recover the legal expenses incurred as a proximate result of a material misrepresentation in a prior action" "regardless of whether the attorney's deceit was successful." *Melcher v. Greenberg Traurig LLP*, 135 A.D.3d 547, 552 (N.Y. App. Div. 1st Dep't 2016). While some New York courts have required "a chronic and extreme pattern" of legal delinquency by the defendant to maintain a § 487 action, "[t]hat requirement appears nowhere in the text of the statute." *Amalfitano v. Rosenberg*, 533 F.3d 117,

4

123 (2d Cir. 2008). The Court therefore concludes that "[a] single act or decision, if sufficiently egregious and accompanied by an intent to deceive, is sufficient to support liability." *Amalfitano v. Rosenberg*, 428 F. Supp. 2d 196, 207 (S.D.N.Y. 2006).

Plaintiffs have alleged that the Attorney Defendants were aware of the actual underlying organization of EZ Docs through, among other things, documents drafted by the Attorney Defendants that: (1) describe Hernandez and Grimaldi as "de facto shareholders, officers and directors"; and (2) state that Mattiucci was holding the shares of EZ Docs "for the benefit of and as nominee for" Grimaldi and Hernandez. *See* Proposed Am. Compl. ¶ 161. Then, notwithstanding this knowledge, the Attorney Defendants prepared and filed documents in the Termination Lawsuit that contained such statements as: (1) "neither Anthony Grimaldi nor ex-employee Steven Hernandez were ever in Senior Management positions" with EZ Docs; and (2) Mattiucci was the "sole owner" of EZ Docs and "[n]o other person has ever held any equity interest in [EZ Docs]." *Id.* ¶¶ 161, 295. In light of the conflict between these two positions, the Court concludes that Plaintiffs have plausibly alleged that the Attorney Defendants violated § 487.

The Attorney Defendants make several unavailing arguments to attack the sufficiency of the proposed pleadings. First, the Attorney Defendants appear to take the position that an attorney does not have an intent to deceive if he is merely asserting arguments and points at the client's request, to advance the client's position. Opp'n at 6. The Court rejects this argument. An attorney that has knowingly and intentionally filed material misrepresentations with a court in order to induce the court to take an action that it would not otherwise take cannot stand behind vigorous advocacy as an excuse to avoid § 487 liability.

Second, the Attorney Defendants argue that Plaintiffs knew of Grimaldi and Hernandez's involvement with EZ Docs. Opp'n at 6. This, however, is not relevant to the question of whether the Attorney Defendants intended to deceive the New York Supreme Court by filing papers with material misrepresentations.

Third, the Attorney Defendants contend that any deceit in the Termination Lawsuit did not proximately cause harm to Canon USA because the Termination Lawsuit could have gone forward without the material misrepresentations. *See Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 15 (N.Y. 2009). They urge that "it is clear that the crux of the Termination Lawsuit was EZ Docs' contention that the termination violated the written notice provision of the Agreement." Opp'n at 7–8. While this may be true, the Attorney Defendants' argument misses the mark. The "crux" of the Termination Lawsuit is not what is at issue; rather what is at issue is whether the action was "grounded in a material misrepresentation of fact." *See Amalfitano*, 12 N.Y.3d at 15. Plaintiffs have alleged that "the Termination Lawsuit was grounded in EZ Docs' principal position, based upon material misrepresentations of fact, that Canon USA's stated basis for terminating EZ Docs' dealership was erroneous, and that Mattiucci, and not Grimaldi and Hernandez, at all times owned and controlled EZ Docs." Proposed Am. Compl. ¶ 164. And the Attorney Defendants appear to concede as much. They state that "it is evident that the issue of the roles of Mattiucci, Hernandez and Grimaldi in EZ Docs and any potential fraud perpetrated on Canon – while not the sole basis for the filing of the Termination Lawsuit – certainly were part and parcel of that litigation." Opp'n at 12. Plaintiffs have plausibly alleged that the material misrepresentations in the Termination Lawsuit proximately caused Canon USA's harm.

### B.  The Section 487 Claim Is Properly Asserted in This Action

The Attorney Defendants assert that Canon USA was required to bring its § 487 claim in the Termination Lawsuit and thus is precluded from raising it here.  They are wrong.  Because Canon USA does not seek to collaterally attack a prior adverse judgment or order, and because it seeks "to recover lost time value of money and the excess legal expenses incurred" in the prior action, Canon USA is permitted to bring "a separate action under the Judiciary Law."  *Melcher*, 135 A.D.3d at 554.

Nor is the claim precluded by res judicata.  Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action" when "the parties have had a full and fair opportunity to litigate the matter."  *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008).  Res judicata has no application here as the Termination Lawsuit was dismissed for failure to prosecute, and the dismissal order did not specify that dismissal was on the merits, *see* Exhibit D to the Declaration of Jonathan B. Bruno (Dkt. 92-4); N.Y. C.P.L.R. 3216(a); *Hanrahan v. Riverhead Nursing Home*, 592 F.3d 367, 369 (2d Cir. 2010).

**CONCLUSION**

Plaintiffs' motion for leave to amend the complaint is GRANTED.  The Clerk of Court is directed to close the motion at Docket 88.


Dated: New York, New York　　　　　　SO ORDERED
　　　　February 21, 2017

　　　　　　　　　　　　　　　　　　　　PAUL A. CROTTY
　　　　　　　　　　　　　　　　　　　　United States District Judge